UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>  Plaintiff,<br><br>v.<br><br>ORBCOMM INC., JEROME B. EISENBERG, MARCO FUCHS, KAREN GOULD, DENISE GIBSON, MARC J. EISENBERG, TIMOTHY KELLEHER, and JOHN MAJOR,<br><br>  Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Catherine Coffman ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against ORBCOMM Inc. ("ORBCOMM" or the "Company") and the members of ORBCOMM's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seek to enjoin the vote on a proposed transaction, pursuant to which GI Manager L.P. ("GI") will acquire ORBCOMM through its subsidiaries GI DI Orion Acquisition Inc. ("Parent") and GI DI Orion Merger Sub Inc. ("Merger

Sub") (the "Proposed Transaction").[1]

2. On April 8, 2021, ORBCOMM announced its entry into an Agreement and Plan of Merger dated April 7, 2021 (the "Merger Agreement") to sell ORBCOMM to GI. Under the terms of the Merger Agreement, ORBCOMM shareholders will receive $11.50 in cash for each share of ORBCOMM common stock they own (the "Merger Consideration").[2]

3. On May 27, 2021, ORBCOMM filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that ORBCOMM stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information critical and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

---

[1] Non-party GI is a private investment firm based in San Francisco, California. Non-party Parent is a Delaware corporation and an affiliate of investment funds advised by GI. Non-party Merger Sub is a Delaware corporation and wholly owned subsidiary of Parent.

[2] The value of the Proposed Transaction is approximately $1.1 billion.

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of ORBCOMM.

10. Defendant ORBCOMM is a Delaware corporation, with its principal executive offices located at 395 W. Passaic Street, Rochelle Park, New Jersey 07662. ORBCOMM's common stock trades on the Nasdaq Global Select Market under the ticker symbol "ORBC."

11. Defendant Jerome B. Eisenberg ("Jerome Eisenberg") has been non-executive Chairman of the Board since March 2008 and a director of the Company since February 2004. Defendant Jerome Eisenberg previously served as the Company's Chairman and Chief Executive Officer ("CEO") from January 2006 to March 2008 and as CEO and President from December 2004 to January 2006.

12. Defendant Marco Fuchs ("Fuchs") has been a director of the Company since February 2004.

13. Defendant Karen Gould ("Gould") has been a director of the Company since June 2018.

14. Defendant Denise Gibson ("Gibson") has been a director of the Company since October 2018.

15. Defendant Marc J. Eisenberg ("Marc Eisenberg") has been CEO of the Company and

a director since March 2008. Defendant Marc Eisenberg previously served as Chief Operating Officer ("COO") from February 2007 to March 2008, as Chief Marketing Officer ("CMO") from June 2006 to February 2007, and as Executive Vice President ("EVP"), Sales and Marketing, from March 2002 to June 2006.

16. Defendant Timothy Kelleher ("Kelleher") has been a director of the Company since March 2008.

17. Defendant John Major ("Major") has been a director of the Company since April 2007.

18. Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On April 8, 2021, ORBCOMM issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> ROCHELLE PARK, N.J., April 08, 2021 -- ORBCOMM Inc. (Nasdaq: ORBC), a global provider of Internet of Things (IoT) solutions, today announced that it has entered into a definitive agreement to be acquired by GI, a leading US-based investor in data infrastructure businesses, in an all-cash transaction that values ORBCOMM at approximately $1.1 billion, including net debt.
>
> Under the terms of the agreement, ORBCOMM stockholders will receive $11.50 in cash per outstanding share of common stock upon closing of the transaction, representing a premium of approximately 52% to ORBCOMM's closing share price on April 7th and a 50% premium over the 90-day volume-weighted average share price through that date.
>
> The investment by GI will support ORBCOMM's strong momentum in the industrial IoT as it increases its investment in sales, marketing and technology innovation to accelerate growth, execute on its long-term strategic plan and global market expansion, and provide added flexibility as a privately-held company.
>
> "This transaction will provide immediate and substantial value to ORBCOMM stockholders, reflecting the tremendous commitment and work of our employees and stakeholders. The partnership with GI will provide us the opportunity to rapidly advance our long-term strategy," said Marc Eisenberg, ORBCOMM's Chief Executive Officer. "GI has an established track record of working with companies to

4

accelerate growth, and we look forward to continuing to drive innovation, providing world-class service to our global customers and expanding our market share in the industrial IoT as a privately held company."

"ORBCOMM has a long history of innovation, providing mission-critical services to customers across the global logistics landscape and a broad range of other industries," said Mark Prybutok, Managing Director of GI. "We are excited to work with the ORBCOMM team to take the business forward as IoT use cases continue to evolve and grow."

ORBCOMM's Board of Directors has unanimously approved the transaction and recommends that ORBCOMM's stockholders vote in favor of the transaction at the special meeting of ORBCOMM stockholders to be called in connection with the transaction. A special meeting of ORBCOMM's stockholders will be held as soon as practicable following the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission (SEC) and subsequent mailing to its stockholders.

**Transaction Details**

The transaction is expected to close following the satisfaction of customary closing conditions, including approval by ORBCOMM stockholders and the receipt of required regulatory approvals.

Consistent with the Board's commitment to maximizing stockholder value, under the terms of the definitive merger agreement, ORBCOMM and its representatives may actively solicit and consider alternative acquisition proposals during a 30-day "go-shop" period that will expire on May 7, 2021. ORBCOMM has the right to terminate the definitive merger agreement with GI to enter into a superior proposal subject to certain terms and conditions of the definitive merger agreement. There can be no assurance that this process will result in a superior proposal, and ORBCOMM does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or is otherwise required.

The parties expect the transaction to close in the second half of 2021. Subject to and upon completion of the transaction, ORBCOMM will become a privately-held company and its common stock will no longer be listed on the Nasdaq Stock Market.

PJT Partners and Raymond James are acting as financial advisors to ORBCOMM, and Milbank LLP is acting as legal counsel. Evercore is acting as financial advisor to GI, and Simpson Thacher & Bartlett LLP and Morgan, Lewis & Bockius LLP are acting as legal counsel.

**The Proxy Statement Contains Material Misstatements or Omissions**

20.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to ORBCOMM's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision

whether to vote in favor of the Proposed Transaction or seek appraisal.

21. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor PJT Partners LP ("PJT"); and (c) the background of the Proposed Transaction.

***Material Omissions Concerning the Company's Financial Projections***

22. The Proxy Statement omits material information regarding the Company's financial projections.

23. Specifically, the Proxy Statement discloses a summary of the Company's Five-Year Plan that was updated in February 2021, after GI's initial letter of intent ("LOI") was received and in connection with the financial analyses to be performed by PJT and an extrapolation of the Five-Year Plan for fiscal years 2026 through 2030. *See* Proxy Statement at 48-50. The updates to the Five-Year Plan are purportedly "based on additional operational and market information since the Five-Year Plan was made, including the fiscal year 2021 budget and preliminary results of the Company's fourth quarter and fiscal year ended December 31, 2020." *Id*. at 48. The Proxy Statement fails, however, to disclose the unadjusted Five-Year Plan or provide a narrative description on the negative or positive effect the updates had on the Five-Year Plan's key financial metrics. Additionally, the Proxy Statement fails to disclose Company management's methodology for extrapolating the Five-Year Plan. This information is material to ORBCOMM stockholders in order to properly evaluate whether the updates and extrapolations to the Five-Year Plan were appropriate or were engineered to support the proposed sale price.

24. Additionally, the Proxy Statement purports to disclose the Company's adjusted EBITDA (Pre-stock-based compensation ("SBC")). *See id*. at 50. Yet, the calculation of the

Company's adjusted EBITDA (Pre-SBC) includes SBC. *See id*. at 50, n.1 ("Adjusted EBITDA (Pre-SBC) is calculated as the Company's net income (loss) plus (a) total depreciation and amortization, (b) interest and other (income) expense, (c) income tax expense (benefit), and (iv) ***stock-based compensation ("SBC")***, and further adjusted to eliminate the Company's noncontrolling interest in certain European entities, impairments and costs related to the Merger.") (emphasis added). Thus, based on this calculation, the Company's Adjusted EBITDA (Pre-SBC) is actually Adjusted EBITDA (Post-SBC). The Proxy Statement, however, also purports to disclose the Company's Adjusted EBITDA (Post-SBC). In effect, it appears that the Company's Adjusted EBITDA (Post-SBC) has been inappropriately adjusted downwards by a double-dip reduction for SBC.

25. Moreover, the Proxy Statement fails to disclose the line items underlying the Company's unlevered free cash flow and Adjusted EBITDA over the projection period.

26. The omission of this material information renders the statements in the "Certain ORBCOMM Unaudited Prospective Financial Information" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning PJT's Financial Analyses***

27. The Proxy Statement describes PJT's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of PJT's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, ORBCOMM's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on PJT's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

28. With respect to PJT's S*elected Public Market Multiples Analysis* and *Selected Precedent M&A Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by PJT,

respectively.

29.     With respect to PJT's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) quantification of the terminal values; and (b) quantification of the inputs and assumptions underlying the discount rates ranging from 9.0% to 10.0%.

30.     Without such undisclosed information, ORBCOMM stockholders cannot evaluate for themselves whether the financial analyses performed by PJT were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which PJT's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction or seek appraisal.

31.     The omission of this information renders the statements in the "Opinion of PJT Partners LP" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

32.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and ORBCOMM's public stockholders will be unable to make a sufficiently informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

33.     Plaintiff repeats all previous allegations as if set forth in full.

34.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

35.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the financial analyses performed by the Company's financial advisor. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

37.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

38.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

39.     Plaintiff repeats all previous allegations as if set forth in full.

40.     The Individual Defendants acted as controlling persons of ORBCOMM within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ORBCOMM, and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

41.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.  In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

43.  In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

44.  By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45.  As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a

direct and proximate result of defendants' conduct, ORBCOMM's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of ORBCOMM, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to ORBCOMM stockholders;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

    D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 22, 2021                                 **LONG LAW, LLC**

                                                                     By  */s/ Brian D. Long*
                                                                            Brian D. Long (#4347)
                                                                            3828 Kennett Pike, Suite 208
                                                                            Wilmington, DE 19807
                                                                            Telephone: (302) 729-9100
                                                                            Email: BDLong@longlawde.com

                                                                            *Attorneys for Plaintiff*